JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

EVERETT COX,

       Petitioner,

v.

PFIFFER, Warden,

       Respondent.

Case No. CV 23-2018 DSF (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

    The Court summarily dismisses this action pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

    1.    Petitioner is currently serving a life term in state prison based on his 2010 murder conviction. (Docket # 1 at 11.)

    2.    In this federal habeas action, Petitioner alleges that a component of his sentence (an enhancement based on his use of a gun in the killing) is "invalid." (Docket # 9 at 1.) Petitioner claims that he is entitled to the benefit of a change in state law that occurred years after his

1 conviction. Alternatively, he contends that the sentencing enhancement
2 violates the Fifth Amendment because he has been punished more than
3 once for his underlying criminal offense. (Docket # 14.)

4   3. Petitioner previously sought habeas relief in this Court
5 regarding his murder conviction and sentence. The Court denied
6 Petitioner's earlier habeas petition on the merits of the claims asserted.
7 Cox v. Biter, No. CV 12-10028 ABC (AN) (C.D. Cal.). The Ninth Circuit
8 Court of Appeals denied a certificate of appealability in that action. (CV
9 12-10028, Docket # 29.)

10   4. Magistrate Judge Wilner screened the petition in the current
11 action. (Docket # 7.) Judge Wilner noted that the action appeared to be
12 successive, and was not accompanied by a certificate from the Ninth
13 Circuit authorizing a second habeas action under 28 U.S.C. § 2244. The
14 magistrate judge further observed that the petition appeared to be
15 untimely under federal law, failed to state a cognizable constitutional
16 claim, and had other major procedural defects.

17   5. Petitioner submitted a supplemental statement regarding the
18 petition. (Docket # 9.) After the petition was served on the Attorney
19 General, the state moved to dismiss the action on numerous grounds.
20 (Docket # 11.) Petitioner's cursory response to the dismissal motion did not
21 address the Attorney General's argument regarding the successive nature
22 of the petition. At no time in this action has Petitioner demonstrated that
23 he ever sought or received a certificate to pursue a second or successive
24 habeas action in this Court.

25              * * *

26   6. If it "appears from the application that the applicant or person
27 detained is not entitled" to habeas relief, a court may summarily dismiss a
28

2

habeas action. 28 U.S.C. § 2243; see also Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

7. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

8. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. Id.; Burton v. Stewart, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

9. "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." Brown v. Muniz, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); Prince v. Lizzaraga, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this [appellate] court for permission to have his petition heard in the district court").

\* \* \*

10. Petitioner's current habeas action is subject to summary dismissal. The petition challenges the same murder conviction and sentence that was the subject of his earlier federal habeas action. That

1 action (CV 12-10028) was denied on the merits a decade ago. This makes
2 the current action successive.[1] McNabb, 576 F.3d at 1030. Petitioner
3 presents no proof that he asked for or received permission from the Ninth
4 Circuit to pursue another successive action. The successive action must be
5 dismissed. 28 U.S.C. § 2244(b); Brown, 889 F.3d at 667; Prince, 733 F.
6 App'x at 384.

7 * * *

---

[1] To the extent that Petitioner's current claim is based on SB 620 (a 2017 statute that revised California's sentencing enhancement laws), that provision cannot give rise to a new habeas action under Section 2254. As the Attorney General correctly notes, SB 620 does "not apply retroactively to convictions – like Petitioner's – that were final" before the statute's enactment. Baines v. Cisneros, No. CV 22-5123 FMO (SK), 2022 WL 3155046 (C.D. Cal. 2022) (citing People v. Hernandez, 34 Cal. App. 5th 323, 326 (2019)).

For this reason, the denial of an SB 620 resentencing application for a final conviction "does not constitute a new appealable post-judgment order," and renders a federal petition "successive" to the prisoner's original Section 2254 application. Aleman v. Robertson, 2019 WL 7759070 (E.D. Cal. 2019); c.f. Brown v. Atchley, 76 F.4th 862, 870-71 (9th Cir. 2023) (expressly retroactive change to state law may mean that new claim was "not ripe for adjudication" at time of original petition; new habeas action not automatically successive).

11. The Court does not have jurisdiction to consider Petitioner's claims.[2] The action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: 9/19/2023

*Dale S. Fischer*
HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] Because of this lack of jurisdiction, the Court declines to take up the Attorney General's additional contentions regarding the defects with Petitioner's action.

5